# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM ALEXANDER MAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV 16-391-RAW-KEW |
| ) | |
| JOE ALLBAUGH, DOC Director, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as barred by the statute of limitations (Dkt. 8). Petitioner, a pro se prisoner in the custody of the Oklahoma Department of Corrections, is incarcerated at Lawton Correctional Facility in Lawton, Oklahoma. He is attacking his conviction and sentence in Pontotoc County District Court Case No. CF-2010-411 for Distribution of CDS within 2,000 feet of a Park (Count 1), Conspiracy to Deliver CDS (Count 2), Pattern of Criminal Offenses in Two or More Counties (Count 3), Unlawful Possession of CDS with Intent to Distribute (Count 4), Distribution of CDS (Count 5), and Unlawful Use of Telecommunication Device to Facilitate a Felony (Count 6), all after former conviction of three felonies.

Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that on June 30, 2011, Petitioner entered a plea of *nolo contendere* (Dkt. 9-1), and his Judgment and Sentence was entered on August 12, 2011 (Dkt. 9-2). Because he did not seek to timely withdraw his plea or seek a direct appeal to the Oklahoma Court of Criminal Appeals, the conviction became final on August 22, 2011, ten days after entry of the Judgment and Sentence. *See* Rule 4.2, *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App.; Okla. Stat. tit. 22, § 1051. Pursuant to 28 U.S.C. § 2244(d)(1), Petitioner's statutory year began to run on August 23, 2011, and it expired on August 23, 2012. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (the year begins to run the day after the judgment and sentence becomes final). This habeas corpus

petition, filed on September 12, 2016 (Dkt. 1), was untimely.

On August 20, 2013, Petitioner filed an application for post-conviction relief in the state district court which was denied on September 16, 2013 (Dkts. 9-3, 9-4). The denial was affirmed by the Oklahoma Court of Criminal Appeals on December 27, 2013 in Case No. PC-13-1025 (Dkt. 9-6). Because Petitioner did not initiate his post-conviction application until the limitation period had expired, there is no statutory tolling for these post-conviction proceedings. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)).

Petitioner subsequently sought post-conviction relief from the state district court and the Court of Criminal Appeals, but he was denied on each occasion (Dkts. 9-7 at 2, 9-8, 9-9). Again, these post-conviction proceeding commenced after expiration of the one-year limitation period, so there is no statutory tolling. *See May*, 339 F.3d at 1237.

Petitioner has not alleged or argued equitable tolling. Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted). The Court finds Petitioner has not raised a claim of equitable tolling, and he is not entitled to such relief.

**Certificate of Appealability**

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has

not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Respondent's motion to dismiss time-barred petition (Dkt. 8) is GRANTED, and this action is, in all respects, DISMISSED. Furthermore, Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 14th day of August 2017.

Ronald A. White
United States District Judge
Eastern District of Oklahoma